UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY TYRONE KUDINGO,

        Plaintiff,

        v.         Case No. 19-C-1760

SECRETARY KEVIN CARR OF WISCONSIN
DEPARTMENT OF CORRECTIONS,

        Defendant.

## SCREENING ORDER

Plaintiff Anthony Tyrone Kudingo, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $18.16. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, in February 2011, almost ten years ago, he was sexually assaulted by his cellmate at Racine Correctional Institution. Plaintiff alleges that his cellmate had AIDS. Plaintiff claims that after he reported the sexual assault to a guard under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601 *et seq.*, the Department of Corrections failed to take him to a local hospital to receive a rape kit to collect evidence of the assault and to take a test to

be sure he did not have AIDS. He also asserts that the Department of Corrections failed to provide psychological counseling in reference to victims of abuse due to sexual assault.

Plaintiff alleges that, while the Department of Corrections started an investigation, it failed to inform Plaintiff of the steps taken in the investigation because he was being released on extended supervision on March 7, 2011. Plaintiff claims that he struggled with anxiety, depression, and mood swings that led to him using alcohol to "escape the reality of the assault." Compl. at 3, Dkt. No. 1. Plaintiff's extended supervision has been revoked three times as a result of his use of alcohol. He claims that the Department of Corrections refuses to acknowledge that the sexual assault occurred and to provide counseling for Plaintiff.

## THE COURT'S ANALYSIS

Plaintiff sues Kevin Carr, the Secretary of the Wisconsin Department of Corrections for monetary damages. "Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates." *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, an individual cannot be sued for damages under the Constitution unless he was "personally involved" in the violation. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). An individual is not personally involved unless he participated in the constitutional violation or knew about the particular conduct at issue and had the ability to stop it. *Id.* In this case, the complaint does not allege facts indicating that Carr was directly or personally involved in any alleged constitutional violations. In fact, the complaint fails to allege facts that would support even an inference that any jail officials had violated his constitutional rights. There is no allegation, for example, that guards participated in the assault, or knew it was likely to occur and failed to protect the plaintiff. And because the assault is alleged to have occurred almost ten years ago, any claim would be barred by the applicable statute of limitations.

Even if Plaintiff had named proper defendants and filed his action earlier, his complaint would still be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's complaint seeks enforcement of the PREA. In order to seek redress through § 1983, however, "a plaintiff must assert the violation of a federal right not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "[W]here the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). While the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the PREA suggests that the Act was intended to create a private right of action. *Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, at *3 (E.D. Wis. Mar. 23, 2010). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $331.84 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 13th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.